# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Worthington Industries Incorporated, *et al.*,<br><br>　　　　　　Defendants. | No. CV-17-03195-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's proposed Amended Complaint (Doc. 43). At the Scheduling Conference (Doc. 32), the Court gave Plaintiff leave to amend his Complaint within 30 days of the Conference for the sole purpose of addressing punitive damages. When Plaintiff's counsel asked about adding a party, the Court replied: "[Y]ou're going to have to move to amend and as long as that passes muster, yeah, you can still attempt to add parties. . . ." (Doc. 46 at 25.) Because Plaintiff's proposed Amended Complaint (Doc. 43) attempts to add parties, and not just address punitive damages, the Court will strike the proposed Amended Complaint and require Plaintiff to file a Motion to Amend as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a).

A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion,

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Defendants have already answered Plaintiff's original Complaint, and the period in which Plaintiff could have amended his Complaint as a matter of course has passed. As a result, absent Defendants' written consent, Plaintiff must file a Motion to Amend in which Plaintiff demonstrates that his proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed Amended Complaint (Doc. 43) does not comply with these provisions.

Because Plaintiff did not file a Motion requesting leave to file an Amended Complaint, as required by Rule 15(a)(2), and did not attach an exhibit indicating how the Amended Complaint differs from the Complaint, as required by Local Rule 15.1(a), the Court will strike Plaintiff's Amended Complaint (Doc. 43). Plaintiff may file a Motion to Amend by June 1, 2018, as provided for in the Scheduling Order (Doc. 33).

IT IS THEREFORE ORDERED striking Plaintiff's Amended Complaint (Doc. 43).

IT IS FURTHER ORDERED denying the parties' Stipulation to Extend Time to Respond to First Amended Complaint (Doc. 45) as moot.

Dated this 28th day of December, 2017.

Honorable John J. Tuchi
United States District Judge