**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lou Peralta,<br><br>    Plaintiff,<br><br>v.<br><br>Worthington Industries Incorporated, *et al.*,<br><br>    Defendants. | No. CV-17-03195-PHX-JJT<br><br>**ORDER** |

At issue are the following Motions: (1) Plaintiff Jason Lou Peralta's Motion to Amend Order Dated January 22, 2018 (Doc. 64, Mot. to Amend Order), to which Defendants filed a Response (Doc. 67, Resp. to Mot. to Amend Order); (2) Plaintiff's Motion to Amend the Complaint (Doc. 70, Mot. to Amend Compl.), to which Defendant filed an Opposition (Doc. 73, Opp.), and Plaintiff filed a Reply (Doc. 74); and (3) Plaintiff's Motion for Hearing (Doc. 79, Mot. for Hearing), to which Defendants filed a Response (Doc. 80, Resp. to Mot. for Hearing). Although Plaintiff has requested oral argument for each brief and by separate Motion, the Court finds the matters appropriate for resolution without such argument. *See* LRCiv 7.2(f). Accordingly, the Court will deny all of Plaintiff's pending motions. Further, upon *sua sponte* review of Plaintiff's operative Complaint, the Court concludes that Plaintiff's allegations are insufficient to establish subject matter jurisdiction. The Court therefore will dismiss Plaintiff's Complaint (Doc. 1).

. . . .

**I.  LEGAL STANDARD**

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, *inter alia*, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

"A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to

support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. ANALYSIS

### A. Motion to Amend the Complaint

In opposition to Plaintiff's Motion to Amend the Complaint, Defendants raise several arguments, which the Court will address in turn. However, the Court first addresses the proposed Amended Complaint's jurisdiction defects, which Defendants do not address and which alone require denial of the Motion.

#### 1. Subject Matter Jurisdiction

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. "[B]ecause it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-14 (2006). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purpose of determining diversity of citizenship, a corporation is a citizen both of its state of incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Similarly, a limited liability company ("LLC") is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, a plaintiff must "allege

the citizenship of all the members" of an LLC to properly plead diversity jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

In the proposed Amended Complaint, Plaintiff names as Defendants five entities: Bernzomatic, Worthington Industries, Inc., Worthington Cylinder Corporation, Worthington Cylinder Corporation LLC, and Worthington Cylinder Wisconsin LLC. Yet, Plaintiff's allegations about each entity fail to establish the Court's diversity jurisdiction over the matter. First, as to the two LLC Defendants, Plaintiff fails to allege the citizenship of each member/owner of the LLC. (*See* Doc. 70-1, Proposed Am. Compl. ¶¶ 6–7.) This alone undermines Plaintiff's assertion of diversity jurisdiction, renders the proposed Amended Complaint deficient, and requires that the Court deny the Motion to Amend. Second, Plaintiff's proposed Amended Complaint lacks any allegation as to the citizenship of Bernzomatic. This again renders Plaintiff's assertion of diversity jurisdiction insufficient and requires denial of the Motion.[1]

Finally, Plaintiff has only alleged the state of incorporation with regard to the two remaining entities in the proposed Amended Complaint: Worthington Industries, Inc. and Worthington Cylinder Corporation. (Proposed Am. Compl. ¶¶ 4–5.) Because a corporation is a citizen both in its state of incorporation and in the state where it has its principal place of business, Plaintiff fails properly plead diversity jurisdiction when he omits allegations as to a Defendant's principal place of business.[2] Because of these three independent inadequacies, Plaintiff fails to demonstrate that this Court has subject matter jurisdiction over the Amended Complaint.

---

[1] As Defendants argue, Bernzomatic has been improperly named as a Defendant because it is an entity no longer in existence, having been purchased by the other Defendants. This appears to be the case because there is no evidence on the record that Bernzomatic has been served nor has any counsel appeared on behalf of the entity. However, Plaintiff has named the entity in the caption as a Defendant and the Court will treat it as such. Thus, Plaintiff's failure to plead Bernzomatic's citizenship is fatal to an assertion of diversity jurisdiction.

[2] To be sure, Plaintiff alleges in the proposed Amended Complaint that "Defendant's principle [sic] place of business is in Ohio." (Proposed Am. Compl. at 1.) But it is unclear—given Plaintiff's use of the singular—to which of the five named Defendants this allegation applies.

Upon closer review, the Court finds that these identical jurisdictional deficiencies also exist in Plaintiff's initial Complaint, which remains operative, in part, subject to the Court's earlier Order. (*See* Doc. 46, Dec. 4, 2017 Tr. 17:8–24:8.) In his initial Complaint, Plaintiff alleges only that "Defendant's principle [sic] place of business is in Ohio." (Doc. 1, Compl. at 1.) Just as with the Amended Complaint, this allegation fails to make clear to which of the four Defendants Plaintiff refers. Additionally, the Complaint fails to allege the state of incorporation for each corporate Defendant and the citizenship of each member/owner of the LLC Defendant. Because Plaintiff has not adequately pled the citizenship of each Defendant, he has not alleged a basis for diversity jurisdiction. Thus, the Court must dismiss the Complaint, *sua sponte*, for lack of subject matter jurisdiction, with leave to amend.

## 2. False Statements in the Amended Complaint

Defendants devote a significant portion of their Opposition arguing that Plaintiff's proposed Amended Complaint contains knowingly false allegations. (Opp. at 3–6.) Defendants contend that, in response to the Court's earlier dismissal of Plaintiff's prayer for punitive damages, Plaintiff knowingly misrepresented the testimony of particular deponents to include allegations sufficient to support such a claim. To contradict these allegations, Defendants offer excerpts from the depositions purportedly referenced in the Amended Complaint. (*See* Docs. 73-1, 73-2, 73-3.)

Plaintiff's proffer of extrinsic evidence raises the question of what evidence a court may consider when ruling on a Motion to Amend. Because the Court's current inquiry requires, in part, a determination whether amendment is futile such that it fails to state a claim under Rule 12(b)(6), the Court looks to its evidentiary standard when ruling on such a motion. When a defendant brings a motion to dismiss under Rule 12(b)(6), a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court

may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Here, Defendants offer no argument as to why the Court may properly consider the proffered evidence when ruling on a Motion to Amend. Because the Court cannot conclude that the evidence is "not subject to reasonable dispute," it will not consider it at this time. If, however, the evidence adduced during discovery and produced at summary judgment demonstrates that allegations in any Complaint—whether dismissed or not—were knowingly false, both Plaintiff and Plaintiff's counsel maybe be subject to sanctions under Rule 11. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) ("Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false.") Such sanctions may include, among others, monetary penalties and dismissal of the entire action. *See Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir. 1979) (per curiam).

### 3. Punitive Damages

In Count II of the proposed Amended Complaint, Plaintiff asserts a cause of action for punitive damages. Under Arizona law, a separate cause of action does not exist for punitive damages; instead, "the right to an award of punitive damages must be grounded upon a cause of action for actual damages." *Quiroga v. Allstate Ins. Co.*, 726 P.2d 224, 226 (Ariz. Ct. App. 1986). Count II of the proposed Amended Complaint is thus deficient

as a matter of law, and the Court would deny the Motion to Amend as to this Count even absent the Complaint's additional deficiencies.[3]

### 4. Felonious Aggravated Battery

Finally, Defendants challenge Count III of the proposed Amended Complaint, which alleges that Defendants committed the intentional tort of "felonious aggravated battery." Despite Plaintiff's argument that felonious "[a]ggravated battery is obviously an intentional tort claim," no such civil cause of action exists under Arizona law. Accordingly, Count III of Plaintiff's proposed amendment fails to state a cognizable claim.

The Court, however, does not agree with the contention that "Defendants can never be liable for any civil battery under Arizona law" because they neither know who the exact purchaser will be nor exercise control over the product after purchase. (Opp. at 10–11.) In Arizona, a plaintiff may state a claim for battery even if he alleges only that the defendant was certain or substantially certain that the *consequences* would result from the act. *Mein ex rel. Mein v. Cook*, 193 P.3d 790, 795–96 (Ariz. Ct. App. 2008). However, the consequence with which courts are concerned is the "substantial certainty" that an injury would occur, rather than the "substantial certainty" that this particular plaintiff would be the victim. *See Mein ex rel. Mein v. Cook*, 193 P.3d 790, 795–96 (Ariz. Ct. App. 2008) ("There is no evidence that [defendants] were 'certain' that an accident with serious personal injuries would occur as the result of their racing . . . ."). Accordingly, the Court will afford Plaintiff one final opportunity to amend the Complaint to include an intentional tort cause of action.

---

[3] Defendants argue that Plaintiff's inclusion of a claim for punitive damages violates the Court's Order of December 4, 2017, which afforded Plaintiff 30 days to amend his Complaint to include any prayer for punitive damages. (Opp. at 6–7; *see* Dec. 4, 2017 Tr. at 24:21-25:3.) However, that Order pertained to only Plaintiff's ability to amend the Complaint *as of right* rather than by Motion in accordance with the Scheduling Order. Because that 30 day window has passed, Plaintiff may only amend by Motion as he has in this instance.

### 5. Allegations Regarding MAPP Gas Cylinders

The Amended Complaint once more contains allegations about cylinders containing MAPP fuel. (*See* Am. Compl. ¶¶ 26–27.) In response to similar allegations in Plaintiff's first Complaint, Defendants moved to strike, arguing that the allegations were immaterial to Plaintiff's Complaint. (Doc. 9, Mot. to Strike at 4–5). The Court granted this Motion, striking references to MAPP gas cylinders from the Complaint. (Doc. 32; Dec. 4, 2017 Tr. 21:16-22.)[4] By including these allegations once more, Plaintiff ignores the scope of the Court's earlier orders. Plaintiff may not allege in any amended complaint issues with MAPP cylinders. Further inclusion of such allegations may result in sanctions up to, and including, dismissal of the action in its entirety.

### 6. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, Plaintiff may be able to amend his Complaint to provide a plausible basis for jurisdiction in federal court and thus will be afforded the opportunity to do so. Additionally, with regard to Plaintiff's prayer for punitive damages and an allegation of an intentional tort, Plaintiff may be able to amend the Complaint to state a plausible claim. However, Plaintiff will only be afforded one final opportunity to so plead those claims.

## B. Motion to Amend Order Dated January 22, 2018

The Court now turns to Plaintiff's earlier Motion, which seeks relief from an Order entered by the Court on January 22, 2018 pursuant to Federal Rule of Civil

---

[4] As the Court stated on the record:

> The second component of that motion to strike is to strike references in the complaint to other cylinders and other torch handles beyond those that were at issue in the accident here. Again, because the Court sees no relevance to other torch handles and cylinders in the context of a tort case that dealt with a responsible torch handle and a specific cylinder, the motion is well-taken and is granted.

Dec. 4, 2017 Tr. 21:16-22.

Procedure 60(b). Plaintiff's Motion make two requests: (1) that the Court correct its earlier Order commenting on Plaintiff's counsel's inability to abide by the Court's orders, and (2) that the Court revise its procedures to no longer use telephonic discovery dispute resolution. (Mot. to Amend Order at 9.) The Court denies both requests.

Federal Rule of Civil Procedure 60(b) provides that "[t]he court may relieve a party . . . from a final judgment, order, or proceeding . . . for any [] reason that justifies relief." However, because Plaintiff challenges an interlocutory order, Rule 60 is of questionable applicability here. Instead, Plaintiff's Motion reads better as a motion for reconsideration under Local Rule of Civil Procedure 7.2(g).[5] Under either standard, however, Plaintiff's Motion fails.

On the first point, Plaintiff argues that this Court was incorrect when it explained that its Orders—even when issued orally—carry the full force of law. Put differently, Plaintiff and his counsel suggest that they are free to disregard the Court's oral order as if they are mere suggestion. Plaintiff, however, provides no support for this proposition pointing only to *Carter v. Beverly Hills Saving & Loans Assoc.*, 884 F.2d 1186 (9th Cir. 1989) for support. However, the Court in *Carter* addressed only the requirements for the entry of final judgment. *See id.* at 1189 ("Entry of judgment . . . requires that every judgment must be set forth on a separate document."). It does not, as Plaintiff suggests, have any bearing on the requirements for interlocutory orders such as the Order challenged by Plaintiff's Motion. Thus, Plaintiff fails to demonstrate any error by the Court. Moreover, on the second point, Plaintiff fails to provide any authority whatsoever requiring that the Court dispense with the discovery dispute procedures used by every other litigant in this Court. Accordingly, the Court denies the Motion.

### III. CONCLUSIONS

The Court finds that Plaintiff's proposed Amended Complaint lacks sufficient allegations to demonstrate that this Court has subject matter jurisdiction over the matter.

---

[5] Under LRCiv 7.2(2), Plaintiff's Motion is untimely because it was filed more than 14 days after the Order that is the subject of the Motion. This deficiency alone warrants denial of the Motion.

Therefore, the Court denies Plaintiff's Motion to Amend because of the proposed amendment's futility. Additionally, Counts II and III fail as a matter of law because neither Count is a cognizable cause of action under Arizona law. Plaintiff, however, will be afforded one more opportunity to amend his claims for punitive damages and for an intentional tort.

With regard to the jurisdictional defects identified in the proposed Amended Complaint, the Court concludes that these jurisdictional defects are also found in the operative Complaint. As such, the Court dismisses the Complaint for lack of subject matter jurisdiction.

Finally, the Court denies Plaintiff's Motion to Amend because it is untimely and fails to demonstrate any error by the Court.

IT IS THEREFORE ORDERED denying Plaintiff's Motion to Amend the Complaint (Doc. 70).

IT IS FURTHER ORDERED denying Plaintiff's Motion to Amend Order Dated January 22, 2018 (Doc. 64).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Hearing (Doc. 79).

IT IS FURTHER ORDERED dismissing the Complaint (Doc. 1) for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff may file a Second Amended Complaint, consistent with this Order, no later than August 7, 2018.

IT IS FURTHER ORDERED directing the Clerk of Court to dismiss this case without further Order if Plaintiff fails to file a Second Amended Complaint by August 7, 2018.

Dated this 17th day of July, 2018.

Honorable John J. Tuchi
United States District Judge